IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAIN STREET RENEWAL, LLC, c/o WEISSMAN, NOWACK, CURRY, & WILCO, P.C., <br><br>    Plaintiff, <br><br>    v. <br><br> PATRICE CHEESE, <br><br>    Defendant. | CIVIL ACTION <br><br> NO. 1:14-CV-02278-TWT-GGB <br><br> Removed from the Magistrate Court of Fulton County, Georgia <br> Case No. 14ED010447 |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

This is a dispossessory action that has been removed from the Magistrate Court of Fulton County, Georgia. It is now before the Court for consideration of Defendant Patrice Cheese's application for leave to proceed in forma pauperis ("IFP"). (Doc. 1). The application is **GRANTED** under 28 U.S.C. § 1915(a) because it appears that Cheese is unable to pay the filing fee in this matter. However, a review of the petition for removal and the complaint filed in state court reveals that this Court lacks subject matter jurisdiction. Therefore, I **RECOMMEND** that this case be remanded to the Magistrate Court of Fulton County.

AO 72A
(Rev.8/8
2)

## I. DISCUSSION

When a notice of removal is filed, this Court is obligated to consider <u>sua sponte</u> whether jurisdiction is present and must remand the case to state court if it determines that jurisdiction is absent. <u>See</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); <u>see also</u> <u>Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP</u>, 365 F.3d 1244, 1245 (11th Cir. 2004) (recognizing that a district court may <u>sua sponte</u> remand the case for lack of subject matter jurisdiction). In order for removal to be proper, Cheese must demonstrate that the action is based on diversity jurisdiction or that the action contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441, 1331, 1332(a). Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. 28 U.S.C. § 1441(a). The removal statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

Cheese's notice of removal cites to a number of federal statutes and constitutional provisions. (<u>See</u> Doc. 1-1). Therefore, it appears that Cheese is attempting to remove this case based upon federal-question jurisdiction. "The

presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." See Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936)).  If the original complaint contained only state-law claims, then the court may not exercise federal question jurisdiction, even if the defendant has asserted a federal defense or counterclaim.  Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430.

This case began when the Plaintiff, Main Street Renewal, LLC, filed a state-law dispossessory claim against Cheese in the Magistrate Court of Fulton County.  (See Doc. 1-1 at 6).  Main Street's complaint did not include a federal claim, so this Court may not exercise federal question jurisdiction over this action.  The fact that Cheese may be raising a federal defense or counterclaim is not enough to confer jurisdiction on this Court..  Caterpillar, Inc., 482 U.S. at 393, 107 S.Ct. at 2430.

This case also does not meet the requirements for diversity jurisdiction.  The diversity statute allows a federal court to hear any case where the plaintiff and defendant are citizens of different states, and the amount in controversy exceeds $75,000.   28 U.S.C. § 1332(a).   Neither of those requirements are satisfied

here—Main Street and Cheese are both citizens of Georgia, (see Doc. 1-2, Civil Cover Sheet), and Main Street's complaint seeks less than $75,000 in damages, (see Doc. 1-1 at 6). Because this Court does not have jurisdiction to hear this case, it must be remanded back to state court.

## II. CONCLUSION

Cheese has not shown that this Court has subject matter jurisdiction over this case. Therefore, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of Fulton County, Georgia. Cheese's application for leave to proceed IFP (Doc. 1) is **GRANTED**.

**IT IS SO ORDERED AND RECOMMENDED**, this 28th day of July, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)